**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                              Case No. 00-CR-80714-DT

ARNESS ROGERS,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EXPUNGEMENT

Pending before this court is a motion for expungement, filed *pro se* by Defendant Arness Rogers on January 15, 2008. The matter has been fully briefed and the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich LCrR 12.1; E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

## I. BACKGROUND

On February 1, 2001, Defendant pleaded guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341. The charges arose from the discovery that Defendant filed several false claims with insurance companies claiming that a total of seven automobiles were stolen. (10/3/00 Information at ¶ 4.) All of the cars involved were manufactured by Mercedes Benz or Bavarian Motor Works ("BMW"). (*Id.* at ¶ 3.) Defendant carried out his plan of defrauding the insurance companies by using the United States mail to file the false claims. (*Id.* at ¶ 4.) As a result of Defendant's false claims, the insurance companies suffered a total loss of more than $150,000. (Pl.'s Resp. at 1.) Defendant's false claims extended from October 1996 to December 1998.

(Information at ¶ 1.) During this time, Defendant was employed as a deputy for the Wayne County Sheriff's Department. (Pl.'s Resp. at 1-2.) Defendant was sentenced to thirteen months imprisonment. (5/1/01 Judgment at 2.) In addition, the court ordered Defendant to pay $161,178.31 in restitution. (*Id.* at 5.)

Defendant says that he has been gainfully employed after his release for the past six years, has not been convicted of any other offense, is an asset to the community and is a member of the Williams Chapel Missionary Baptist Church. (Def.'s Mot. at ¶¶ 4, 6.) Defendant filed this motion because he believes that he has paid his debt to society and desires a clean start in life. (*Id.* at ¶ 7.) Defendant cites Michigan statutes Mich. Comp. Laws §§ 780.623 and 769.16a as authority for his expungement. (*Id.* at 2.)

## II. STANDARD

Federal law does not provide the courts with a specific statute authorizing the expungement of criminal records. In the absence of a specific law leading the way, the Sixth Circuit declared that federal courts possess "inherent equitable powers . . . to order the expungement of a [criminal] record . . . ." *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977). The federal courts' power to expunge, however, is limited only to appropriate cases. *Id.* The Sixth Circuit has not established a benchmark for what can be deemed "appropriate," but the federal courts are in agreement that "appropriate" is typically found only in extreme or extraordinary circumstances.[1] *See*, *e.g.*, *United*

---

[1] In *United States v. Robinson*, No. 94-1945, 1996 WL 107129 at *1 (6th Cir. Mar. 8, 1996), the Sixth Circuit held in an unpublished opinion that "expungement power is narrow and appropriately used only in extreme circumstances." Unpublished opinions are not binding authority, but this court does acknowledge that they can be persuasive authority. *Harper v. Auto Alliance Int'l, Inc.*, 392 F.3d 195, 205 n. 3 (6th Cir. 2004).

2

*States v. Smith,* 940 F.2d 395, 396 (9th Cir. 1991); *United States v. Geary*, 901 F.2d 679 (8th Cir. 1990).

### III.  DISCUSSION

Defendant argues that his record should be expunged because he has paid his debt to society, is now a law abiding citizen and needs a fresh start in life.  He does not contest his conviction or the charges against him.  The government asserts in response that the motion for expungement should be denied because Defendant's situation does not rise to level of extraordinary.  In addition, the government argues that any harm created in denying Defendant's motion for expungement does not outweigh the state's interest in maintaining accurate criminal records.

Courts have interpreted the power to expunge criminal records as a balance between the state's interest in maintaining accurate criminal records and the harm inflicted on a defendant by the record's existence.[2]  *United States v. Bagley,* 899 F.2d 707, 708 (8th Cir. 1990).  The state's interest in maintaining accurate criminal records stems from the valuable role they serve in effective law enforcement.  *Id.*; *see also United States v. Wiley,* 89 F. Supp. 2d 909, 912 (S.D. Ohio 1999).  "Such records meet the compelling public need for an effective and workable criminal identification procedure."  *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) (citing *United States v. Seasholtz*, 376 F. Supp. 1288, 1290 (N.D. Okla. 1974)) (quotations omitted).

Acknowledging the strength of the state's interest, courts have held that the power to expunge criminal records is quite narrow.  *Id.*; *see also United States v.*

---

[2]In *Robinson*, the Sixth Circuit likewise agreed that expungement power "hinges" on the balancing of state and private interests. 1996 WL 107129 at *1.

*Friesen*, 853 F.2d 816, 817 (10th Cir. 1988); *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984). This narrow grant of power is generally only used in cases of improper convictions. *Schwab v. Gallas*, 724 F. Supp. 509 (E.D. Ohio 1989). Nevertheless, even in the presence of an improper conviction, the state's interest in maintaining accurate criminal records remains high. In fact, courts have denied expungement although the underlying convictions have been reversed or the defendants have been acquitted. *See United States v. Janik*, 10 F.3d 470, 471-72 (7th Cir. 1993) (defendant's motion for expungement denied despite the conviction being reversed for violation of the Speedy Trial Act); *United States v. Linn*, 513 F.2d 925, 927-28 (D.C. Cir. 1979) (defendant acquitted, but expungement denied because arrest was lawful). Instead, expungement power is exercised when improper convictions are accompanied by more extreme elements, such as "in cases of mass arrests without probable cause . . . arrests under statutes later held unconstitutional . . . and arrests found to have been for the purpose of harassment only . . . ." *Geary v. United States*, 901 F.2d 679 (8th Cir. 1990). Court have thus not viewed difficulty in finding employment due to a past criminal record as a valid reason for expungement. *United States v. Rowlands,* 451 F.3d 173 (3d Cir. 2006); *United States v. Meyer*, 439 F.3d 855 (8th Cir. 2006); *United States v. Scott,* 793 F.2d 117 (5th Cir. 1986).

Defendant does not claim that his conviction is improper. He does not argue that he has been unable to find employment. Implicitly, Defendant offers no reason, but for this court to show mercy on him because he is now a productive member of society. The court must note, however, that Defendant's crime did occur during the time he served as a deputy for the Wayne County Sheriff's Department. Whatever the nature of

4

Defendant's life after release, it cannot erase the breach of public trust and the abuse of authority evidenced by his conviction. The state certainly has a strong interest in preserving his criminal record for future employers, particularly if Defendant ever seeks to again work in a position of public trust. While this court appreciates Defendant's efforts to rehabilitate himself, it cannot find that Defendant's situation can be viewed, in any light, as extreme or extraordinary enough to outweigh the state's interest in maintaining accurate criminal records. Furthermore, to hold otherwise would undermine the accepted position that the federal courts' power to expunge is narrow and only to be used in appropriate cases.

Defendant's motion for expungement cannot be granted because he has not established that his situation is extreme or extraordinary. Therefore, any harm Defendant experiences as a result of his criminal record does not outweigh the strong state interest in maintaining accurate criminal records and the motion will be denied.

## IV. CONCLUSION

IT IS ORDERED that Defendant's "Motion for Expungement" [Dkt. # 13] is DENIED.

                                        S/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: February 15, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 15, 2008, by electronic and/or ordinary mail.

                                        S/Lisa Wagner

Case Manager and Deputy Clerk
(313) 234-5522